PICKETT, J.,
dissenting.
hi respectfully dissent from the majority opinion. As the majority, points out, Mr. Gulley suffered multiple injuries in a work-related accident. According to the pain management doctor who recommended neurostimulation, no single treatment would alleviate his shoulder pain and his back pain and his hip pain, and his leg pain and his ankle pain and his foot pain. Yet the Medical Director denied the request for neurostimulation because the entire “topography of pain and its underlying pathophysiology” were not “amenable to stimulation coverage.”
I disagree with.the majority opinion’s failure to consider the WCJ’s reasoning in determining whether the trial court committed manifest error. The issue before us is the application of the Medical Treatment Guidelines on neurostimulation to Mr. Gulley’s case. In applying the Guidelines, we are called upon to determine what Section 2113(2)(c)(v) means when it states:
The topography of pain and its underlying pathophysiology are amenable to stimulation coverage (the entire painful area has been covered).
*1139 The trial court determined that the Guidelines only allowed approval of neurostimu-lation if “every bit” of the claimant’s pain was relieved. I find that reading of the Guidelines creates an impossible situation in a case like Mr. Gulley’s. Because Mr. Gulley sustained multiple injuries as a result of a single |2work accident, and no treatment, neurostimulation or otherwise, is available to treat all of his paiii related to all of his injuries, then neurostimulation for a discrete injured area could never be approved.
Dr. Domangue recommended the treatment for Mr. Gulley’s lower back, hip, and leg pain because Mr. Gulley met all the criteria for neurostimulation under the Medical Treatment Guidelines, including treating the topography of pain across that discrete area of his body,, I find that his shoulder and ankle injuries are separate injuries, and Mr. Gulley need not show that those areas , would be treated by neu-rostimulation in order, for the Medical Director to approve this treatment.
I would. reverse the judgment of the WCJ and the Medical Director, and approve the neurostimulation requested by Mr. Gulley.